UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GREGORY SCRUGGS and
VASTASIA JONES                                                                                          PLAINTIFFS

VS.                                                                          CIVIL ACTION NO. 2:23-cv-8-KS-MTP

MORTELL FLOWERS, JR.;
TRANSTEWART TRUCKING, INC.
and JOHN DOES 1-3                                                                                     DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF
### TRANSTEWART TRUCKING, INC. TO PLAINTIFFS' COMPLAINT

Defendant, Transtewart Trucking, Inc., ("Transtewart" or "Defendant"), by and through counsel, files this Answer and Affirmative Defenses to the Complaint of Plaintiffs, Gregory Scruggs and Vastasia Jones and submits as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

To the extent the Plaintiffs have received or will in the future receive any payment or compensation from any other party, person, or entity as compensation for the alleged damages, if any, Defendant affirmatively pleads the doctrine of accord and satisfaction and is entitled to a set-off or credit for any such compensation received by the Plaintiffs in the event Defendant is found to be liable in this matter.

### FOURTH AFFIRMATIVE DEFENSE

If the alleged damages, if any, were caused by the fault and neglect of Plaintiffs or others,

for whom Defendant is not responsible or liable and over whom Defendant exercised no control, then Plaintiffs' recovery should be barred or reduced.

## FIFTH AFFIRMATIVE DEFENSE

Although Defendant denies that the Plaintiffs are entitled to any judgment against it, Defendant asserts the limitations under § 11-1-60 of the Mississippi Code of 1972, as amended, regarding noneconomic damages.

## SIXTH AFFIRMATIVE DEFENSE

Any damages claimed by the Plaintiffs which were and/or may have been proximately caused as a result of superseding and/or intervening causes are damages for which Defendant cannot be held liable and for which recovery cannot be had against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

If any of the injuries or conditions complained of in this matter by Plaintiffs existed prior to the incident, then Defendant cannot be responsible for those conditions.

## EIGHTH AFFIRMATIVE DEFENSE

If it is found that Defendant was negligent in some degree, and if it is also found that the Plaintiffs were also negligent and contributed to the occurrence of the Plaintiffs' alleged damages, if any, the damages assessed against Defendant should be apportioned to the degree that the negligence of the Plaintiffs contributed to the Plaintiffs' damages, if any, under § 11-7-15 of the Mississippi Code of 1972, as amended.

## NINTH AFFIRMATIVE DEFENSE

Although Defendant denies that the Plaintiffs are entitled to any judgment against it, to the extent liability must be apportioned, Defendant assert its defenses under § 85-5-7 of the Mississippi Code of 1972, as amended, regarding allocation of fault.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts all available affirmative defenses provided under Rule 12 of the Mississippi Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts all available affirmative defenses provided under Rule 8 of the Mississippi Rules of Civil Procedure. Specifically, Defendant pleads accord and satisfaction, estoppel, laches, and waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Although Defendant denies that the Plaintiffs are entitled to any judgment against it, the imposition of any punitive damages would violate the Constitution of the United States of America, including the fourteenth amendment thereof, and would also violate of the provisions of the Mississippi Constitution, including section twenty-eight thereof. Further, an award of punitive damages would amount to a deprivation of property without due process, in violation of the fifth and fourteenth amendments of the United States Constitution and section fourteen of the Mississippi Constitution. The criteria used to determine whether, and in what amount, punitive damages may be awarded is impermissibly vague, imprecise, inconsistent, and not rationally related to a legitimate government interest, and, therefore, in violation of the United States and Mississippi Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the due process clause of the fourteenth amendment and/or fifth amendment to the Constitution of the United States of America and/or under the due process clause of Article III, section 14 of the Constitution of the State of Mississippi, in that punitive damages and any method of which they might be assessed are unconstitutionally vague

and not rationally related to a legitimate government interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Defendant that are penal in nature by requiring a burden of proof of Plaintiffs that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant avers that it would violate the self-incrimination clause of the fifth amendment to the Constitution of the United States of America and/or Article III, section 26 of the Constitution of the State of Mississippi, to impose punitive damages against Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiffs in this case will violate the eighth Amendment to the Constitution of the United States and/or Article III, section 28 of the Constitution of the State of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case measured by the wealth of Defendant would constitute an impermissible punishment of status.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages against it based upon theories of *respondeat superior*, vicarious liability, or joint and several liability would violate the Due Process Clause of the fourteenth amendment to the United States Constitution as well as Mississippi law.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant would show that Plaintiffs' claim for punitive damages does not conform with the standards set forth in *BMW v. Gore*, 514 U.S. 559 (1996) and *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001). Defendant asserts the right to *de novo* review of any punitive damage award.

## TWENTIETH AFFIRMATIVE DEFENSE

Although Defendant denies that the Plaintiff is entitled to any judgment or punitive damages against it, Defendant asserts the limitations and other defenses under § 11-1-65 of the Mississippi Code of 1972, as amended, regarding punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses that may be available or become apparent during discovery in this civil action and reserves the right to amend to assert any such defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

All allegations contained in Plaintiffs' Complaint that are not specifically admitted are hereby denied.

## **ANSWER**

Defendants answers the Plaintiffs' Complaint paragraph by paragraph as follows:

1.      Defendant lacks sufficient information to confirm or deny the allegations contained within Paragraph 1 of the Complaint and therefore denies the same.

2.      Defendant lacks sufficient information to confirm or deny the allegations contained within Paragraph 2 of the Complaint and therefore denies the same.

3.      Defendant lacks sufficient information to confirm or deny the allegations contained within Paragraph 3 of the Complaint and therefore denies the same.

4.  Admitted that Transtewart is a foreign corporation doing business in the State of Mississippi and that it can be served with process as stated. All other allegations not admitted are denied.

5.  The allegations contained in Paragraph 5 do not appear to pertain to Defendant. To the extent they do pertain to Defendant, said allegations are denied.

6.  Admitted.

7.  Defendant adopts its responses to Paragraphs 1 through paragraph 6 above.

8.  Defendant is without sufficient information, therefore, denied.

9.  Admitted.

10. Admitted.

11. Admitted that Flowers was acting in the course and scope of his employment at all times relevant to the Complaint and that Transtewart would be vicariously liable for negligent acts, if any, committed during the course and scope of that employment.

12. Denied.

13. Denied as to all allegations, including subparts (a) through (i).

14. Defendant adopts its responses to Paragraphs 1 through 13 above.

15. Denied.

16. Defendant adopts its responses to Paragraphs 1 through 15 above.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.

21. Defendant adopts its responses to Paragraphs 1 through 20 above.

22. Denied.

23. Defendant adopts its responses to Paragraphs 1 through 22 above.

24. Admitted that Transtewart was the owner of the tractor-trailer driven by Mortell Flowers, Jr. All other allegations contained within Paragraph 24 are denied.

25. Defendant adopts its responses to Paragraphs 1 through 24 above.

26. Admitted that Transtewart was the owner of the tractor-trailer driven by Mortell Flowers, Jr. All other allegations contained within Paragraph 26 are denied.

27. Defendant adopts its responses to Paragraphs 1 through 26 above.

28. Denied.

29. Denied as to all allegations, including subparts (a) through (h).

30. Defendant adopts its responses to Paragraphs 1 through 29 above.

31. The allegations in Paragraph 31 do not require a response by Defendant

32. Defendant denies the Plaintiffs are entitled to any of the relief requested in the unenumerated Paragraph beginning "WHEREFORE, PREMISES CONSIDERED," and requests that it be dismissed from this matter. Defendant affirmatively states that it is not liable for any damages. Defendant additionally prays for such other relief as the Court deems proper.

THIS the 12th day of January, 2023.

Respectfully submitted,

TRANSTEWART TRUCKING, INC.

By Its Attorneys,

DunbarMonroe, PLLC

 s/ David C. Dunbar
David C. Dunbar

OF COUNSEL:

David C. Dunbar (MSB #6227)
dcdunbar@dunbarmonroe.com
Kim D. McCormack (MSB #100029)
kmccormack@dunbarmonroe.com
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS  39157
(601) 898-2073 Office
(601) 898-2074 Facsimile

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have filed the above and forgoing document with the Court's electronic case filing system, which sent notification to the following interested parties:

John Miner
Alexander Shunnarah & Associates
P.O. Box 6189
Gulfport, MS 39506
jminer@asilpc.com

THIS the 12th day of January, 2023.

                                              _s/ David C. Dunbar_
                                              David C. Dunbar